1  MCGUIREWOODS LLP
   TRACY EVANS MOYER (SBN 243212)
2  Email: tmoyer@mcguirewoods.com
   McGuire Woods LLP
3  1800 Century Park East, 8th Floor
   Los Angeles, CA 90067
4  Telephone:     (310) 315-8200
   Facsimile:     (310) 956-3169
5
6  Attorney for Defendants
   Bank of America, N.A., ReconTrust Company, N.A., Mortgage Electronic Registration Systems,
7  Inc., and Citibank, N.A. as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed
   Certificates, Series 2006-QH2
8
9                          UNITED STATES DISTRICT COURT
10                         NORTHERN DISTRICT OF CALIFORNIA
11
12
13 TRICIA REYES-AGUILAR AND EDWARD      | Case No. 3:13-cv-05764-JCS
   AGUILAR,                            |
14                                      | **NOTICE OF MOTION AND MOTION TO**
             Plaintiffs,                | **DISMISS COMPLAINT FOR FAILURE TO**
15                                      | **STATE A CLAIM; MEMORANDUM OF**
        vs.                             | **POINTS AND AUTHORITIES**
16 BANK OF AMERICA, N.A.; CITIBANK,     |
   N.A.; RECONTRUST COMPANY, N.A.;      |
17 MORTGAGE ELECTRONIC                  |
   REGISTRATION SYSTEMS, INC.; AND      | Date:       Friday, February 7, 2014
18 DOES 1-100, inclusive,               | Time:       9:30 a.m.
                                        | Courtroom:  G, 15th Floor
19           Defendants.                | Judge:      Hon. Joseph C. Spero
20
21
22
23
24
25
26
27
28

52720053.2
                                          1

1   Defendants Bank of America, N.A. ("BANA"), ReconTrust Company, N.A.

2   ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Citibank, N.A. as

3   Trustee for the Certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-QH2

4   (erroneously sued as "Citibank, N.A.") ("Citibank") (collectively, "Defendants") hereby move to

5   dismiss with prejudice Plaintiffs' Complaint ("Complaint") for failure to state a claim upon which

6   relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  This motion is also made pursuant to

7   Fed. R. Civ. P. 9(b) for failure to allege fraud with sufficient particularity.

8   This motion is based upon this Notice, the attached Memorandum of Points and

9   Authorities, the pleadings and records on file herein, matters of which the Court may take judicial

10  notice, and such further written and oral evidence as may be presented at the time of hearing.

11

12  Dated:  January 2, 2014                      McGUIREWOODS LLP

13

14                                              By:/s/Tracy Evans Moyer
                                                Tracy Evans Moyer
15                                              Attorneys for Defendants
                                                Bank of America, N.A.
16                                              ReconTrust, N.A.
                                                Mortgage Electronic Registration Systems,
17                                              Inc.
                                                Citibank, N.A. as Trustee for the
18                                              Certificatehodlers of CWABS, Inc., Asset-
                                                Backed Certificates, Series 2006-QH2
19                                              (erroneously sued as "Citibank, N.A.")

20

21

22

23

24

25

26

27

28

52720053.2

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

Page

I.    ISSUES TO BE DECIDED ............................................................................... 1

II.   STANDARD OF REVIEW ............................................................................... 1

III.  SUMMARY OF FACTS ALLEGED IN THE COMPLAINT ............................ 2

IV.   DISCUSSION .................................................................................................. 3

      A.   Plaintiffs Lack Standing To Challenge Foreclosure Due To Failure To
           Tender The Amounts Due ........................................................................ 3

      B.   Plaintiffs' Challenges To The Chain of Title Fail .................................... 4

           1.   Plaintiffs Lack Standing To Challenge The Assignment ................. 4

           2.   Plaintiffs' Challenge To The Substitution of Trustee Fails ............ 6

           3.   Plaintiffs' Challenge To The Notice Of Default Fails .................... 6

      C.   Plaintiffs Fail To State A Claim For Breach Of Contract ........................ 7

           1.   Breach of the Deed of Trust ......................................................... 7

           2.   Breach of the PSA ........................................................................ 8

      D.   Plaintiffs Fail To State A Claim For Breach of Implied Agreements ...... 8

      E.   Plaintiffs Fail To State A Claim For Slander Of Title ............................. 9

      F.   Plaintiffs Fail To State A Claim For Wrongful Foreclosure ................... 10

      G.   Plaintiffs Fail To Allege A Violation Of Section 2923.5 ....................... 12

      H.   Plaintiffs Fail To State A RICO Claim ................................................. 12

      I.   Plaintiffs Fail To Allege A Violation Of The Rosenthal Act ................. 14

      J.   Plaintiff's FDCPA Claim Fails ............................................................ 15

      K.   Plaintiffs Fail To State A Claim For Violation Of Section 17200 ......... 16

V.    CONCLUSION .............................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alicea v. GE Money Bank*
No. C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813, at *7-8 (N.D. Cal. July 16, 2009) ....... 3

*Ashcroft v. Iqbal*
129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................................................ 1, 12, 14, 15

*Caballero v. Ocwen Loan Serv.*
No. C-09-01021 RMW, 2009 U.S. Dist. LEXIS 45213 (N.D. Cal. May 29, 2009) .............. 14

*Cerecedes v. U.S. Bancorp*
No. CV 11-219 CAS, 2011 U.S. Dist. LEXIS 75559 (C.D. Cal. July 11, 2011)...................... 5

*Cerezo v. Wells Fargo Bank, N.A.*
2013 U.S. Dist. LEXIS 110755 (N.D. Cal. 2013) .................................................................. 17

*Christiansen v. Wells Fargo*
No. C 12-02526 DMR, 2012 U.S. Dist. LEXIS 142070 (N.D. Cal. Oct. 1, 2012) ................ 11

*Conder v. Home Savings of America*
680 F.Supp.2d 1168 (C.D. Cal. Jan. 27, 2010) ......................................................................... 7

*Edwards v. Aurora Loan Services, LLC*
No. 2:10-cv-00092 LKK KJN PS, 2011 U.S. Dist. LEXIS 46892
(E.D. Cal. May 2, 2011) ............................................................................................................. 6

*Foster v. SCME Mortg. Bankers, Inc.* (E.D. Cal. Jan. 19, 2011) .................................................... 16

*Ganesan v. GMAC Mortgage, LLC*
C 12-1935 MEJ, 2012 U.S. Dist. LEXIS 148225 (N.D. Cal. Oct. 15, 2012) .......................... 8

*Ghuman v. Wells Fargo Bank, N.A.*
No. 1:12-cv-00902-AWI-BAM, 2012 U.S. Dist. LEXIS 83623 (E.D.Cal. Jun. 15,
2012)........................................................................................................................................ 11

*Grimmett v. Brown*
75 F.3d 506 (9th Cir. 1996).................................................................................................... 12

*Heintz v. Jenkins*
514 U.S. 291 (1995) ............................................................................................................... 15

*Hoang v. JPMorgan Chase Bank, N.A.*
5:13-cv-00582 EJD, 2013 U.S. Dist. LEXIS 51214 (N.D. Cal Apr. 9, 2013) ....................... 13

*Izenberg v. ETS Servs.*
    589 F. Supp. 2d 1193 (C.D. Cal. 2008) ................................................................. 14

*Kearns v. Ford Motor Co.*
    567 F.3d 1120 (9th Cir. 2009) ............................................................................... 11

*Kirk v. Wells Fargo Bank, N.A.*
    No. C 12-05969 SI, 2013 U.S. Dist. LEXIS 3610 (N.D. Cal. Jan. 9, 2013) ............ 8

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
    519 F.3d 1024 (9th Cir. 2003) ................................................................................. 1

*Mena v. JP Morgan Chase Bank, N.A.*
    No. 12-1257 PSG, 2013 U.S. Dist. LEXIS 6161 (N.D. Cal. Jan. 14, 2013) .......... 10

*Moore v. Kayport Package Exp., Inc.*
    885 F.2d 531 (9th Cir. 1989) ................................................................................. 13

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001) ................................................................................... 1

*Nguyen v. JP Morgan Chase Bank N.A.*
    No. 12-cv-04183, 2013 U.S. Dist. LEXIS 69362 (N.D. Cal. May 15, 2013) .......... 9

*Ogilvie v. Select Portfolio Servicing*
    No. 12-CV-001654-DMR, 2012 U.S. Dist. LEXIS 147493 (N.D. Cal. Oct. 12, 2012) ... 5, 6, 9

*Pantoja v. Countrywide Home Loans, Inc.*
    640 F. Supp. 2d 1177 (N.D. Cal. 2009) ................................................................... 6

*Patel v. Mortg. Elec. Registration Sys.*
    No. 4:13-cv-1874 KAW, 2013 U.S. Dist. LEXIS 110738 (N.D. Cal. Aug. 6, 2013) ... 9, 11, 13

*Penney v. Wells Fargo Bank, N.A.*
    No. 2:11-cv-05567-ODW, 2012 U.S. Dist. LEXIS 78794 (C.D. Cal. June 6, 2012) .............. 4

*Permito v. Wells Fargo Bank, N.A.*
    C-12-00545 YGR, 2012 U.S. Dist. LEXIS 55977 (N.D. Cal. Apr. 20, 2012) ...................... 11

*Phong Tran v. Bank of America, N.A.*
    2013 U.S. Dist. LEXIS 75524 (N.D. Cal. May 29, 2013) ............................... 7, 8, 13

*Reade v. Citimortgage, Inc.*
    No. 13-cv-404-L (WVG), 2013 U.S. Dist. LEXIS 160681 (S.D. Cal. Nov. 7, 2013) ........... 16

*Robertson v. Citibank, N.A.*
    No. C 12-02996 JSW, 2013 U.S. Dist. LEXIS 27072 (N.D. Cal. Feb. 27, 2013) ................. 16

*Sohal v. Fed. Home Loan Mortg. Corp.*
    2011 U.S. Dist. LEXIS 97355 (N.D. Cal. 2011) ................................................... 17

TABLE OF AUTHORITIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Usher v. Chase Home Fin. LLC*
No. S-10-2202, 2010 U.S. Dist. LEXIS 108392 (E.D. Cal. 2010) ......................................... 16

*Zacharias v. JP Morgan Chase Bank, N.A.*
12-06525 SC, 2013 U.S. Dist. LEXIS 20258 (N.D. Cal. Feb. 13, 2013) .......................... 12, 13

**CALIFORNIA CASES**

*Abdallah v. United Sav. Bank*
43 Cal. App. 4th 1101 (1996) ................................................................................................ 3

*Arnolds Mgmt. Corp. v. Eischen*
158 Cal. App. 3d 575 (1984) ................................................................................................ 3

*Berryman v. Merit Prop. Mgmt., Inc.*
152 Cal. App. 4th 1544 (2007) ............................................................................................ 17

*Fontenot v. Wells Fargo Bank, N.A.*
198 Cal. App. 4th 256 (2011) ................................................................................................ 6

*Ingels v. Westwood One Broad. Servs., Inc.*
129 Cal. App. 4th 1050 (2005) ............................................................................................ 17

*Kachlon v. Markowitz*
168 Cal. App. 4th 316 (2008) ................................................................................................ 9

*Killian v. Milliard*
228 Cal. App. 3d 1601 (1991) ................................................................................................ 4

*Lona v. Citibank, N.A.*
202 Cal. App. 4th 89, 134 Cal. Rptr. 3d 622 (2011) ............................................................ 10

*McKell v. Wash. Mut., Inc.*
142 Cal. App. 4th 1457 (2006) ............................................................................................ 16

*R&B Auto Ctr., Inc. v. Farmers Group Inc.*
140 Cal.App.4th 327 (2006) ................................................................................................ 16

**FEDERAL STATUTES**

15 U.S.C. 1692a(6) ................................................................................................................ 15

15 U.S.C. 1692e(2)(A) ........................................................................................................... 14

18 U.S.C. 1962 ....................................................................................................................... 12

15 U.S.C. 1692 ................................................................................................................. 15, 16

**CALIFORNIA STATUTES**

California Business and Professions Code § 17200, *et seq.*............................................................ 16

California Civil Code § 47(c)(1) ............................................................................................................ 9

California Civil Code § 1788.1(b)........................................................................................................ 14

California Civil Code § 1788.2(c)........................................................................................................ 14

California Civil Code § 2923.5 .................................................................................................... 12, 16

California Civil Code § 2924(a)........................................................................................................... 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ............................................................................................... 1, 14, 15

Fed. R. Civ. P. 9(b)..................................................................................................... 1, 11, 13

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. ISSUES TO BE DECIDED

The issues to be decided in this case are whether Plaintiffs Tricia Reyes-Aguilar and Edward Aguilar ("Plaintiffs") have stated any claim upon which relief may be granted and whether this Court should grant the motion to dismiss of defendants Bank of America, N.A. ("BANA"), ReconTrust Company, N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Citibank, N.A. as Trustee for the Certificatehodlers of CWABS, Inc., Asset-Backed Certificates, Series 2006-QH2 (erroneously sued as "Citibank, N.A.") ("Citibank") (together, "Defendants") pursuant to Fed. R. Civ. P. 8, 9(b), and 12(b)(6). Defendants' motion is made on the grounds that Plaintiffs' Complaint fails to state any claim upon which relief may be granted, and fails to allege fraud with sufficient particularity. Defendants' motion is directed to the Complaint in its entirety.

### II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not enough to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. Rather, Federal Rule 8(a)(2) imposes a "plausibility standard" which requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In ruling on a Rule 12(b)(6) motion the court is to accept as true the factual allegations of the complaint; however, allegations amounting to nothing more than legal conclusions are not entitled to the assumption of truth. *Iqbal*, 129 S. Ct. at 1949.

### III.    <u>SUMMARY OF FACTS ALLEGED IN THE COMPLAINT[1]</u>

On September 22, 2006, Plaintiffs obtained a loan from lender Quality Home Loans in the amount of $461,500.00 (the "Loan"), which was secured by a Deed of Trust recorded on October 3, 2006 against the real property located at 2180 Palm Place, Hayward, California (the "Property"). Compl. ¶ 2; *see also* RFJN, Ex. A (hereinafter, "Deed of Trust"). The Trustee under the Deed of Trust was T.D. Service Company; MERS was listed as the beneficiary and nominee for the Lender and the Lender's successors and assigns. *See* Deed of Trust, p. 1. Plaintiffs allege without factual support that their loan was securitized immediately after it originated. Compl. ¶ 10.

On August 5, 2011, an Assignment of Deed of Trust was recorded by MERS in its capacity as beneficiary under the Deed of Trust, through which MERS assigned the Deed of Trust to Citibank. Compl. ¶ 11; *see also* RFJN, Ex. B (hereinafter, "Assignment"). Plaintiffs allege, without any factual support, that the Assignment violated the terms of a Pooling and Servicing Agreement (the "PSA"), which Plaintiffs claim required any assignment to be completed "within 90 days of the close of the Trust which was on or about October 3, 2006." Compl. ¶ 24. Plaintiffs allege that – incredibly – the Deed of Trust is unenforceable as a result of an "irreversibly broken chain of title" resulting from the allegedly ineffective Assignment. Compl. ¶¶ 25, 30, 31.

On April 6, 2012, Citibank recorded a Substitution of Trustee, under which ReconTrust was substituted as trustee under the Deed of Trust. Compl. ¶ 13; *see also* RFJN, Ex. C (hereinafter, "Substitution of Trustee"). Also on April 6, 2012, ReconTrust recorded a Notice of Default and Election to Sell Under Deed of Trust. Compl. ¶ 14; *see also* RFJN, Ex. D (hereinafter, "Notice of Default"). Plaintiffs contend that the Notice of Default was "invalid and false" because Defendants (collectively) were "not in fact the true Lender or Trustee." Compl. ¶ 22. Plaintiffs do not allege that the trustee's sale has taken place.

---

[1]    Defendants do not concede the truth of the facts as alleged by Plaintiffs, however for purposes of this motion to dismiss, the Court must accept as true the factual allegations of the complaint, although allegations amounting to nothing more than legal conclusions are not entitled to the assumption of truth. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1024, 1032 (9th Cir. 2003).

IV.    **DISCUSSION**

    A.    **Plaintiffs Lack Standing To Challenge Foreclosure Due To Failure To Tender The Amounts Due**

      As an initial matter, Plaintiffs lack standing to challenge the foreclosure proceedings because they have failed to allege tender.  California law is clear that a debtor cannot bring any action to challenge foreclosure proceedings without first alleging a credible tender of the amount of the secured debt.  *See Alicea v. GE Money Bank*, No. C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813, at *7-8 (N.D. Cal. July 16, 2009); *see also Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996).  "An action to set aside a trustee's sale for irregularities in the sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."  *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984).  This is a broad requirement and bars any cause of action challenging or seeking damages relating to any aspect of the foreclosure process, unless the borrower can allege and establish a valid tender.  *See id.*

      Here, Plaintiffs challenge the foreclosure proceedings on the grounds that certain documents in the chain of title are "invalid," and therefore allege that Defendants are not legally entitled to foreclose.  Plaintiffs' action challenges the foreclosure proceedings on the basis of alleged irregularities in the sale notice or procedure.  *See Arnolds*, 158 Cal. App. at 578.   Yet, Plaintiffs fail to allege and establish credible tender of the amount of the secured debt.  Without a credible tender of the secured debt, Plaintiffs lack standing to maintain any cause of action challenging the foreclosure proceedings.

      Plaintiffs contend they are excused from the tender requirement, relying on an allegation that the foreclosure has not been conducted by a legitimate trustee.  In support, Plaintiffs cite *Dimock v. Emerald Properties, LLC*, in which case Commonwealth Trust Deed Services was named the Trustee under the deed of trust, and Calmco Trustee Services, Inc. was later substituted as trustee.  81 Cal. App. 4th 868, 871-873.  Despite the properly recorded substitution of trustee, a trustee's sale was later conducted in the name of the *original* trustee.  *Id.*  On these facts, the court held that "because Commonwealth had no power to convey [the] property, its deed to [the

purchaser] was void as opposed to merely voidable," and that the plaintiff therefore "was not required to tender any of the amounts due under the note." *Id.* at 876, 878. *Dimock* is distinguishable from this case because its holding was premised on completely different facts. There, the trustee's sale was indisputably conducted in the name of the *original* trustee, which no longer had authority to conduct the sale, rendering the trustee's sale void. Here, Plaintiffs allege no such facts. Rather, Plaintiffs contend baldly that Defendants were never assigned the beneficial interest or the right to conduct the foreclosure sale. For the reasons discussed below, this contention is plainly without merit. *See infra*, Section IV(B)(1)-(3) In sum, the *Dimock* holding lends no support for Plaintiffs' assertion that the tender requirement does not apply to this action. Accordingly, this action must be dismissed for failure to satisfy the tender requirement.

### B.   Plaintiffs' Challenges To The Chain of Title Fail

The majority of Plaintiffs' claims are based on the theory that various documents within the chain of title for the Property are "false and invalid." For example, Plaintiffs allege that the Assignment of Deed of Trust did not effectively transfer the beneficial interest in the Deed of Trust to Citibank. *See* Compl. ¶ 30(b). Based on this theory, Plaintiffs contend that the subsequent acts of foreclosure – such as the recording of the Notice of Default – were invalid, because Defendants allegedly lacked authority to foreclose. *See* Compl. ¶ 30(a). Plaintiffs also assert that the Substitution of Trustee is invalid "because it was issued by MERS in violation of the terms of Plaintiffs' Deed of Trust. Plaintiffs' Deed of Trust limits appointment of successor trustees to the powers of the Lender and names the Lender in this case as Quality Home Loans." Compl. ¶ 38.

### 1.   Plaintiffs Lack Standing To Challenge The Assignment

Plaintiffs allege that the Assignment is invalid because "Quality Home Loans no longer held the beneficial interest under the Deed of Trust" and because "MERS could not have transferred the beneficial interest in Plaintiffs' Deed of Trust to Citibank." Compl. ¶ 35. Plaintiffs' challenge to the Assignment fails in the first instance because Plaintiffs lack standing to challenge the validity of the document. Under California law, a person who is not a party to a contract lacks standing to challenge the validity of the document. *See Killian v. Milliard*, 228 Cal.

App. 3d 1601, 1605 (1991) (holding that a person who has "no substantive right in the contract . . . lack[s] standing to seek to void that contract").  Within the context of the assignment of interests in a deed of trust, California law is clear that a borrower who is not a party to an assignment of deed of trust lacks standing to challenge the validity of the document.  *See Penney v. Wells Fargo Bank, N.A.*, No. 2:11-cv-05567-ODW (MANx), 2012 U.S. Dist. LEXIS 78794, at \*31 (C.D. Cal. June 6, 2012) (citing *Velasco v. Sec. Nat'l Mortg. Co.*, 823 F. Supp. 2d 1061 (D.Haw. 2011) ("[A]s strangers to the Assignment and without any evidence or reason to believe that they are intended beneficiaries of that contract, Plaintiffs may not dispute the validity of that Assignment.")).  Plaintiffs do not allege that they were party to the Assignment; indeed, the face of the document itself reveals that Plaintiffs were not parties to it.  *See* Assignment.  Therefore, Plaintiffs lack standing to challenge the validity of the document.

Plaintiffs also contend that MERS lacked the authority to assign the Deed of Trust.  Contrary to Plaintiffs' assertion, California law and also the terms of the Deed of Trust itself both authorized MERS to assign the Deed of Trust.  Here, the Deed of Trust named MERS as the beneficiary and the nominee for the lender and the lender's successors and assigns.  *See* Deed of Trust, p. 1.  Moreover, the Deed of Trust expressly provided that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*See* Deed of Trust, p. 3.  The Deed of Trust also specifically provided that "the Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."  *See* Deed of Trust, p. 10.  Moreover, under California law, "MERS, as nominal beneficiary, has the power to assign its interest under a deed of trust."  *Ogilvie v. Select Portfolio Servicing*, No. 12-CV-001654-DMR, 2012 U.S. Dist. LEXIS 147493, at \*8 (N.D. Cal. Oct. 12, 2012) (citing *Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1498 (2012)).  Indeed, a borrower's "challenge to the validity of [an assignment of deed of trust] based on

MERS' authority as the beneficiary under the deed of trust has been rejected by courts throughout California." *Cerecedes v. U.S. Bancorp*, No. CV 11-219 CAS (FMOx), 2011 U.S. Dist. LEXIS 75559, at *17-18 (C.D. Cal. July 11, 2011).

Moreover, California courts hold that by executing a deed of trust containing identical language as here, the borrower grants MERS the authority to make assignments like the one at issue here. *See Ogilvie*, 2012 U.S. Dist. LEXIS 147493, at *9-10 (citing *Herrera*, 205 Cal. App. 4th at 1498-99) (rejecting plaintiff's contention that MERS lacked authority to assign the interest in a deed of trust identical to the one at issue in this case); *see also Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1189-90 (N.D. Cal. 2009); *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270-73 (2011). Here, under well-established California law as well as the clear terms of the Deed of Trust itself, MERS acted within its authority by executing the Assignment. Accordingly, the Court should disregard Plaintiffs' contention that MERS lacked authority to assign the Deed of Trust.

### 2. Plaintiffs' Challenge To The Substitution of Trustee Fails

Plaintiffs also assert that the Substitution of Trustee is invalid "because it was issued by MERS in violation of the terms of Plaintiffs' Deed of Trust. Plaintiffs' Deed of Trust limits appointment of successor trustees to the powers of the Lender and names the Lender in this case as Quality Home Loans." Compl. ¶ 38. Plaintiffs' challenge to the Substitution of Trustee fails in all respects. First, the plain face of the document shows that it was issued by Citibank, not by MERS. *See* Substitution of Trustee. Moreover, the Deed of Trust itself explicitly permits the beneficiary to appoint a successor trustee at its option. *See* Deed of Trust, ¶ 24; *see also Edwards v. Aurora Loan Services, LLC*, No. 2:10-cv-00092 LKK KJN PS, 2011 U.S. Dist. LEXIS 46892, at *32 (E.D. Cal. May 2, 2011) ("California law permits a beneficiary to make a substitution of trustee and grant the power to foreclose.").

### 3. Plaintiffs' Challenge To The Notice Of Default Fails

Plaintiffs also challenge the Notice of Default, alleging that it is "invalid and false" because Defendants were "not in fact the true Lender or Trustee." Compl. ¶ 22. The Notice of Default named Citibank as the beneficiary under the Deed of Trust, and it was recorded by

ReconTrust in its capacity as agent for the beneficiary under the Deed of Trust. *See* Deed of Trust, p. 2. In essence, this challenge is an extension of Plaintiffs' challenge to the Assignment, as the basis for this challenge is that Citibank could not have acquired any interest in the Deed of Trust through the Assignment, and therefore lacked the authority to foreclose. The argument fails for the same reasons. *See supra* section III(B)(1).

### C. Plaintiffs Fail To State A Claim For Breach Of Contract

In support of their first cause of action for "breach of express agreements," Plaintiffs allege both a breach of the terms of the Deed of Trust, *see* Compl. ¶ 22, as well as a breach of an alleged Pooling and Servicing Agreement ("PSA"), *see* Compl. ¶ 24. To state a claim for breach of contract, Plaintiffs must establish: (1) the existence of a contract; (2) that they performed, or were excused from performing, their obligations under the contract; (3) that defendants breached the contract; and (4) that they were damaged as a result of defendants' breach. *Conder v. Home Savings of America*, 680 F.Supp.2d 1168, 1174 (C.D. Cal. Jan. 27, 2010) (citation omitted).

#### 1. Breach of the Deed of Trust

Plaintiffs allege that Defendants (collectively) breached the terms of the Deed of Trust by executing an "invalid and false" Notice of Default when Defendants were "not in fact the true Lender or Trustee." Compl. ¶ 22. The claim appears to rest on Plaintiffs' allegation that the Assignment is invalid, therefore Citibank was not the beneficiary under the Deed of Trust, and could not have appointed ReconTrust as the substitute trustee. For the reasons examined in the previous section, Plaintiffs' challenges to the documents in the chain of title, as well as Plaintiffs' challenges to Defendants' authority to act under the Deed of Trust and subsequent documents, are without merit. *See supra* section III(B). Additionally, the Assignment was executed by MERS in its capacity as beneficiary for the original lender, transferring the beneficial interest to Citibank. Plaintiffs fail to allege how BANA and ReconTrust contributed to the conduct complained of.

Moreover, to state a claim for breach of contract, Plaintiffs must also show that they performed or were excused from performing their obligations under the contract. *Phong Tran v. Bank of America, N.A.*, 2013 U.S. Dist. LEXIS 75524 (N.D. Cal. May 29, 2013). As with the Plaintiff in *Tran* (which was another foreclosure case brought by Plaintiffs' counsel), Plaintiffs fail

to allege that they have performed their obligations under the Deed of Trust or that they are excused from doing so.   Plaintiffs do not allege that they are not in default on their loan. Accordingly, this claim should be dismissed.  *Id.*

### 2. Breach of the PSA

Plaintiffs allege that Defendants (collectively) breached the terms of an alleged PSA by executing an Assignment of Deed of Trust more than 90 days after the close of the trust.  Compl. ¶ 24.  Plaintiffs allege that, as a result, the chain of title is "irreversably broken."  Compl. ¶ 25. Plaintiffs' claim for breach of the PSA fails because Plaintiffs do not allege that they were a party to the agreement.  *See Tran*, 2013 U.S. Dist. LEXIS 75524, at *7 (dismissing breach of PSA claims without leave to amend because the plaintiff failed to allege that he was a party to the PSA, only that he was harmed by an alleged violation of the PSA); *see also Kirk v. Wells Fargo Bank, N.A.*, No. C 12-05969 SI, 2013 U.S. Dist. LEXIS 3610 (N.D. Cal. Jan. 9, 2013) (noting that "courts have held that neither the PSA nor [state law] confers standing on the homeowner" and finding that "any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties"). Accordingly, Plaintiffs cannot state a claim for breach of the alleged PSA, and this claim must be dismissed with prejudice as a result.

### D. Plaintiffs Fail To State A Claim For Breach of Implied Agreements

In support of their second cause of action for "breach of implied agreements," Plaintiffs assert only reiterated allegations that Defendants breached the Deed of Trust and the PSA.  *See* Compl. ¶ 30 (alleging breach of Deed of Trust and also of PSA).  As noted above, Plaintiffs lack standing to assert breach of any PSA because they are neither a party to, nor third party beneficiary of, the agreement.  *See Ganesan v. GMAC Mortgage, LLC*, C 12-1935 MEJ, 2012 U.S. Dist. LEXIS 148225, at *12-13 (N.D. Cal. Oct. 15, 2012) ("[T]o the extent Plaintiff bases her claim on the theory that Defendants allegedly failed to comply with the terms of a Pooling and Servicing Agreement . . . the Court notes that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement.").  Separately, Plaintiffs' claims relating to a breach of the Deed of Trust fail because Plaintiffs fail to allege that they performed or were

excused from performing their obligations under the Deed of Trust.  *See Tran*, 2013 U.S. Dist. LEXIS 75524, at *6-7.  As with Plaintiffs' claims for breach of express agreements, these allegations also fail and must be dismissed.

### E.    Plaintiffs Fail To State A Claim For Slander Of Title

Plaintiffs' third claim for slander of title is predicated on the same allegations as the breach of contract claims.  Plaintiffs allege that the Assignment is "false and invalid" because "MERS could not have transferred the beneficial interest in Plaintiffs' Deed of Trust."  Compl. ¶ 35. Plaintiffs again allege that "the chain of title was irreversibly broken and there was no entity in existence with the power of sale that could record an assignment".  Compl. ¶ 37.  Plaintiffs also challenge the validity of the Substitution of Trustee and the Notice of Default.

To allege slander of title, Plaintiffs must establish: (1) a publication; (2) which is without privilege or justification; (3) which is false; and (4) which causes direct and immediate pecuniary loss.  *See Ogilve v. Select Portfolio Servicing*, 12-CV-001654-DMR, 2012 U.S. Dist. LEXIS 147493, at *7 (N.D. Cal. Oct. 12, 2012).  Here, Plaintiffs fail to allege that the publication was without privilege or justification.  Absent allegations of malice, the recording of a foreclosure notice is privileged.  *See* Cal. Civ. Code sec. 47(c)(1); *Ogilve*, 2012 U.S. Dist. LEXIS 103228, at *14.  Malice exists where the defendant was either "motivated by hatred or ill will towards the plaintiff," or "lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008).  Here, Plaintiffs allege that Defendants acted in reckless disregard for the truth by recording the Notice of Default when Defendants "knew" that they lacked authority to foreclose. This Court recently rejected this same theory in another foreclosure case brought by Plaintiffs' counsel.  *See Patel v. Mortg. Elec. Registration Sys.*, No. 4:13-cv-1874 KAW, 2013 U.S. Dist. LEXIS 110738 at *19 (N.D. Cal. Aug. 6, 2013).  Here, as in *Patel*:

> For the reasons explained above, the securitization process did not break the chain of title; MERS does have authority to assign the Deed of Trust. . .; Plaintiffs have failed to plead breach of the Deed of Trust and do not have standing to assert a breach of any PSA . . .

*Id.* at \*19; *see also Nguyen v. JP Morgan Chase Bank N.A.*, No. 12-cv-04183, 2013 U.S. Dist. LEXIS 69362, at \*10 (N.D. Cal. May 15, 2013) (explaining that conclusory allegations of formulation of false documents are inadequate to state a claim for slander of title). Plaintiffs fail to establish the second element of the claim.

Plaintiffs also fail to allege actionable pecuniary loss, and therefore fail to satisfy the fourth element of the claim. Plaintiffs allege only an impairment of the "vendibility" of their property, making it necessary for Plaintiffs to retain counsel to bring this action. This allegation is insufficient to establish pecuniary loss. *See Mena v. JP Morgan Chase Bank, N.A.*, No. 12-1257 PSG, 2013 U.S. Dist. LEXIS 6161, at \*12-13 (N.D. Cal. Jan. 14, 2013) (dismissing claim in a similar lawsuit filed by Plaintiffs' counsel). Further, although Plaintiffs allege attorneys' fees and costs, these fees are not recoverable in a slander of title action. *See id.* (providing that fees incurred to quiet title are recoverable, but fees incurred prosecuting the slander of title are not). Because Plaintiffs fail to establish the second and fourth elements of this claim, Plaintiffs' slander of title claim must be dismissed.

### F.     Plaintiffs Fail To State A Claim For Wrongful Foreclosure

Wrongful foreclosure is an action of equity, in which a plaintiff seeks to set aside an "illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust," or to prevent such a sale from occurring. *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011). To state a claim for wrongful foreclosure, Plaintiffs must allege that: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the plaintiffs were prejudiced or harmed; and (3) the plaintiffs have tendered the amount of the secured indebtedness or were excused from tendering. *Id.* Here, Plaintiffs fail to establish any of the required elements.

As to the first element, Plaintiffs make no showing of an illegal or fraudulent sale of the property. The complaint alleges several theories for illegal and fraudulent sale, which each lack merit for the reasons discussed above. Plaintiffs allege that the securitization process was "mishandled" and therefore Defendants are not the beneficial owner of the Deed of Trust. Compl. ¶ 45-46. Plaintiffs also allege that Defendants violated the PSA, and that Defendants used "robo-

signers" at unspecified times. *Id.* For the reasons explained in the foregoing section, the Assignment of the beneficial interest to Citibank is legally valid and Plaintiffs lack standing to challenge it. Pursuant to California law, foreclosure may be carried out by "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents." *See* Cal. Civ. Code. Sec. 2924(a). Because the beneficial interest in the Deed of Trust was legitimately assigned to Citibank, and because ReconTrust was lawfully substituted as trustee, Plaintiffs fail to make any showing that these entities lack authority to foreclose. Separately, as outlined in the previous sections, Plaintiffs lack standing to assert any breach of the PSA. Lastly, to the extent that Plaintiffs base their wrongful foreclosure claim on allegations of "robo-signing," Defendants note that robo-signing allegations must meet the Rule 9(b) pleading requirements because the assertions are based in fraud. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009); *see also Patel*, 2013 U.S. Dist. LEXIS 110738 at *13-14. Here, Plaintiffs' conclusory allegations of "robo-signing" completely lack factual support and therefore fail to meet the heightened particularity standard of Rule 9(b).

As to the second element, Plaintiffs fail to allege adequate prejudice or harm. To demonstrate prejudice, Plaintiffs must show that the foreclosure proceedings would have been averted but for the legal deficiencies. *Christiansen v. Wells Fargo*, No. C 12-02526 DMR, 2012 U.S. Dist. LEXIS 142070, at *22 (N.D. Cal. Oct. 1, 2012); *see also Ghuman v. Wells Fargo Bank, N.A.*, No. 1:12-cv-00902-AWI-BAM, 2012 U.S. Dist. LEXIS 83623, at *18 (E.D. Cal. Jun. 15, 2012) ("Plaintiffs would be hard pressed to show any conceivable prejudice, given Plaintiffs have offered no facts to suggest the substitution of [trustee] (or the allegedly improper recording thereof) adversely affected their ability to pay their debt or cure their default."); *see also Permito v. Wells Fargo Bank, N.A.*, C-12-00545 YGR, 2012 U.S. Dist. LEXIS 55977, at *19 (N.D. Cal. Apr. 20, 2012) ("for a foreclosure to be 'wrongful,' Plaintiff also must allege that no entity had the right to foreclose upon her, not simply that the wrong entity foreclosed upon her"). Here, Plaintiffs allege that "Recontrust cannot conduct a valid foreclosure sale on behalf of Defendant Citibank or BANA because neither is the true present beneficiary under Plaintiffs' Deed of Trust."

1   Compl. ¶ 51.   Plaintiffs fail to allege that they are not in default on their mortgage.[2]   For this

2   reason, Plaintiffs fail to establish the second element of the claim.

3         Lastly, to the extent that Plaintiffs allege that they "are not required to tender the amount

4   due to challenge documents recorded [sic] and clouding Plaintiff's [sic] title to the Property," *see*

5   Compl. ¶ 52, Plaintiffs fail to establish that they are excused from tendering the amount due for

6   the reasons discussed above.  *See supra* section III(A).  This claim must accordingly be dismissed.

7         **G.      Plaintiffs Fail To Allege A Violation Of Section 2923.5**

8         Plaintiffs' fifth cause of action alleges a violation of California Civil Code section 2923.5.

9   In support of this claim, Plaintiffs allege that "there is no Declaration of Compliance attached to

10  the [Notice of Default."  Compl. ¶ 56.  In fact, a declaration of compliance *was* attached to the

11  Notice of Default, *see* Notice of Default, but Plaintiffs omitted that page from the exhibit attached

12  to the Complaint.   To the extent that Plaintiffs allege that Defendants failed to exercise due

13  diligence as required by Section 2923.5, Plaintiffs' allegations are pure legal conclusion and not

14  entitled to consideration.  *Iqbal*, 129 S. Ct. at 1949.  Accordingly, this claim must be dismissed.

15        **H.      Plaintiffs Fail To State A RICO Claim**

16        Plaintiffs' sixth claim is for violation of the Racketeer Influenced Corrupt Organizations

17  Act ("RICO"), 18 U.S.C. 1962.  Section 1962(c) imposes liability on organizations engaged in a

18  "pattern of racketeering activity."   Racketeering activity is defined to include a number of

19  generically specified criminal acts, as well as the commission of one of a number of listed

20  predicate offenses.  *Zacharias v. JP Morgan Chase Bank, N.A.*, 12-06525 SC, 2013 U.S. Dist.

21  LEXIS 20258, at *9 (N.D. Cal. Feb. 13, 2013).  The elements of a civil RICO claim are: (1)

22  conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity (known as predicate

23  acts); (5) causing injury to the plaintiff's business or property.  *See Grimmett v. Brown*, 75 F.3d

24

_____

25

26        [2]      Defendants note that Plaintiffs allege in passing that "Plaintiffs were never in default on their Note
    *due to the break in the chain of title.*"  Compl. ¶ 53 (emphasis added).  Plaintiffs do not unequivocally allege that they
27  made the payments required by the Note and Deed of Trust; rather, Plaintiffs appear to assert that they were excused
    from making their payments due to the "broken chain of title" (which, for the reasons explained above, is a theory
28  totally lacking in legal or factual support).

506, 510 (9th Cir. 1996).  The Ninth Circuit applies the particularity requirements of Rule 9(b) to RICO claims.  *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).  Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.  *Id.*

Here, Plaintiffs allege that Defendants "participated in a scheme to defraud *everyone*" by "sending the fraudulent affidavits, assignments and pleadings to the clerks of court, judges, attorneys, and defendants in foreclosure cases."  Compl. ¶ 66 (emphasis added).  The alleged predicate acts of fraud include "bringing suit on behalf of entities which were not the real parties in interest, and which had no standing to sue," "drafting of the fraudulent affidavits and documents," and "actively concealing the parties' lack of standing in their standard complaints for foreclosure." Compl. ¶ 61.  Plaintiffs' counsel has brought nearly identical RICO claims in recent cases in this Court.  *See, e.g. Zacharias v. JP Morgan Chase Bank, N.A.*, 12-06525 SC, 2013 U.S. Dist. LEXIS 20258, at *9-11 (N.D. Cal. Feb. 13, 2013).  In *Zacharias*, Judge Conti wrote:

> This claim is far from plausible . . . Plaintiff has failed to allege facts to support the contention that Defendants lack standing to foreclose on Plaintiff's property.  Nor has she pled any facts to support her broad and sweeping contention that Defendants defrauded "everyone" by falsely claiming ownership of any number of other loans.  Further, Plaintiff has failed to plausibly allege racketeering activity distinct from the alleged RICO enterprise . . . In short, Plaintiffs' RICO claim appears to be nothing more than conclusory allegations punctuated by threadbare recitals of the elements of a RICO cause of action.

*Id.*   *See also Patel*, 2013 U.S. Dist. LEXIS 110738, at *28-30; *Hoang v. JPMorgan Chase Bank, N.A.*, 5:13-cv-00582 EJD, 2013 U.S. Dist. LEXIS 51214, at *13 (N.D. Cal Apr. 9, 2013) (holding that Plaintiffs "have fallen far short of the Rule 9(b) pleading standard which applies to a RICO claim" and dismissing the cause of action with prejudice); *see also Tran*, 2013 U.S. Dist. LEXIS 75524, at *12-18 (dismissing similar RICO claim pled by Plaintiffs' counsel without leave to amend).

Here, as in *Zacharias, Patel, Hoang,* and *Tran*, Plaintiffs fail to meet the particularity requirements of Rule 9(b), as they fail to state the time, place, and specific content of the false

1   representations or the identities of the parties to the misrepresentations.   Therefore, as in those

2   cases, Plaintiffs' RICO claim must be dismissed.

3       **I.       Plaintiffs Fail To Allege A Violation Of The Rosenthal Act**

4       Plaintiffs' seventh cause of action, for violation of the Rosenthal Act, fails to state a claim

5   upon which relief may be granted.   Importantly, Plaintiffs' allegations in support of this claim

6   amount to nothing more than threadbare recitals of the elements of the cause of action, supported

7   by mere conclusory statements that are not entitled to consideration.   *See Iqbal*, 129 S. Ct. at 1949.

8   For example, Plaintiffs merely allege that "Defendant falsely represented the character, amount, or

9   legal status of a debt in violation of 15 U.S.C. 1692e(2)(A)."   *See* Compl. ¶ 98 (setting forth

10   additional boilerplate allegations).   The allegations in support of this claim fail to meet the

11   "plausibility standard" of Fed. R. Civ. P. 8(a)(2), which requires plaintiffs to plead "factual content

12   that allows the court to draw the reasonable inference that the defendant is liable for the

13   misconduct alleged."   *Iqbal*, 129 S. Ct. at 1949.   Plaintiffs' allegations in support of this claim

14   amount to nothing more than legal conclusions and are not entitled to the assumption of truth.

15   *Iqbal*, 129 S. Ct. at 1949.

16       Plaintiffs' claim fails for the additional reason that Plaintiffs fail to establish the essential

17   elements of the claim.   The Rosenthal Act's purpose is only "to prohibit debt collectors from

18   engaging in unfair or deceptive acts or practices in the collection of consumer debts." Civ. Code §

19   1788.1(b). To state a claim under the Rosenthal Act, a plaintiff must allege that defendant is a debt

20   collector as expressly defined by the act.   *Izenberg v. ETS Servs.*, 589 F. Supp. 2d 1193, 1199

21   (C.D. Cal. 2008) ("[t]he [Rosenthal Act] applies only to debt collectors"). The Rosenthal Act

22   defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on

23   behalf of himself or herself or others, engages in debt collection." Civ. Code § 1788.2(c).   It is

24   well-established that non-judicial foreclosure is not a debt collector's act under California Civil

25   Code section 1788.2(c). *Izenberg*, 589 F. Supp. 2d at 1199 ("foreclosure does not constitute debt

26   collection under the RFDCPA").   Moreover, courts have routinely held that mortgage servicing

27   companies are not debt collectors liable under the Rosenthal Act. *Caballero v. Ocwen Loan Serv.*,

28   No. C-09-01021 RMW, 2009 U.S. Dist. LEXIS 45213, at *2-3 (N.D. Cal. May 29, 2009)

1    ("creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt

2    from liability").  Here, Plaintiffs' allegations relate only to Defendants' alleged attempt to conduct

3    a non-judicial foreclosure against the subject property.  Accordingly, Plaintiffs fail to allege that

4    any defendant engaged in "debt collection" activity.  Defendants note as well that in connection

5    with this claim, Plaintiffs do not allege that Defendants engaged in *any* activity directed towards

6    the Plaintiffs; rather, Plaintiffs allege only that Defendants violated the statute *in general*.

7    Plaintiffs fail to state a claim for violation of the Rosenthal Act, and this claim accordingly must be

8    dismissed.

9         **J.      Plaintiff's FDCPA Claim Fails**

10        Plaintiffs' eighth cause of action alleges a violation of the Fair Debt Collection Practices

11   Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").  The FDCPA "prohibits 'debt collector[s]' from making

12   false or misleading representations and from engaging in various abusive and unfair practices."

13   *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995).

14        Plaintiffs' claim fails in the first instance because Plaintiffs do not allege that Defendants

15   are "debt collectors" for purposes of the statute.  As a threshold matter, a defendant must be a

16   "debt collector" within the meaning of the FDCPA in order to be liable for a violation of the

17   FDCPA.  *Id.* at 294.  The FDCPA defines a "debt collector" as including: (1) any person who uses

18   any instrumentality of interstate commerce or the mails in any business the principal purpose of

19   which is the collection of any debts; and (2) any person who regularly collects or attempts to

20   collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  15 U.S.C.

21   1692a(6).  In support of this element, Plaintiffs allege only that "Defendants are debt collectors

22   within the meaning of the [FDCPA]."  Compl. ¶ 100.  This allegation completely fails to meet the

23   plausibility standard of Rule 8(a)(2), as Plaintiffs fail to set forth *any* factual content allowing the

24   Court to draw the reasonable inference that Defendants are debt collectors as defined by the

25   FDCPA.  *Iqbal*, 129 S. Ct. at 1949.  Rather, Plaintiffs' allegations in support of this element are

26   nothing more than legal conclusions and are not entitled to the assumption of truth.  *Iqbal*, 129 S.

27   Ct. at 1949.

28

This claim fails for the additional reason that Plaintiffs do not allege "debt collection" activity within the meaning of the FDCPA.  "Foreclosure on a property based on a deed of trust does not constitute collection of a debt within the meaning of the FDCPA."  *Usher v. Chase Home Fin. LLC,* No. S-10-2202, 2010 U.S. Dist. LEXIS 108392, at *10 (E.D. Cal. 2010); *see also Reade v. Citimortgage, Inc.*, No. 13-cv-404-L (WVG), 2013 U.S. Dist. LEXIS 160681, at *19 (S.D. Cal. Nov. 7, 2013).  In support of this claim, Plaintiffs allege only that Defendants attempted to "enforce[] . . . the Note and Plaintiffs' [Deed of Trust]" by engaging in non-judicial foreclosure activities, including those required by *California Civil Code* section 2923.5.  *See* Compl. ¶¶ 101-105.  Accordingly, Plaintiffs' FDCPA claim must be dismissed for failure to allege that Defendants engaged in "debt collection" activity within the meaning of the FDCPA.  *See, e.g., Robertson v. Citibank, N.A.*, No. C 12-02996 JSW, 2013 U.S. Dist. LEXIS 27072 at *12-13 (N.D.Cal. Feb. 27, 2013).

### K.      Plaintiffs Fail To State A Claim For Violation Of Section 17200

Plaintiffs' ninth claim alleges a violation of California's Unfair Competition Law ("UCL"), as codified in California Business and Professions Code section 17200, *et seq.*, which proscribes "unlawful, unfair or fraudulent" business acts and practices.  A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits.  *See McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006).

First and foremost, Plaintiffs' UCL claim fails because they have not demonstrated standing to assert the claim.  In order to have standing to pursue a UCL claim, Plaintiff must allege she "suffered injury in fact and has lost money or property" as a result of the alleged unfair practices.  *R&B Auto Ctr., Inc. v. Farmers Group Inc.*, 140 Cal.App.4th 327, 360 (2006) (plaintiff must have suffered monetary or property loss to recover under the UCL).  California courts have interpreted this provision "as requiring that the plaintiff show that he has: (1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which he has a cognizable claim."  *Foster v. SCME Mortg. Bankers, Inc.,* 2011 U.S. Dist. LEXIS 8450, *10–11 (E.D. Cal. Jan. 19, 2011).  Here, Plaintiffs allege only that a "cloud has been placed on Plaintiffs' title and their

1    interest in the Subject Property has been placed in jeopardy." Compl. ¶ 116. In A recent case filed by

2    Plaintiffs' counsel that involved an identical allegation in support of a UCL claim, the court dismissed

3    the UCL claim for failure to allege loss of money or property as a result of the defendant's alleged

4    actions. *See Cerezo v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 110755, at *34-35 (dismissing

5    UCL claim where Plaintiffs alleged that "a cloud has been placed on Plaintiffs' title and [their] interest

6    in the Subject Property has been placed in jeopardy."). Accordingly, Plaintiffs' UCL claim should be

7    dismissed for lack of standing.

8         Moreover, as Plaintiffs note, section 17200 is a derivative cause of action and Plaintiffs'

9    ability to pursue this cause of action depends on the success or failure of their substantive causes

10   of action. Compl. ¶ 111; *see also Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th

11   1050, 1060 (2005). For the reasons discussed throughout this brief, Plaintiffs' other substantive

12   causes of action fail to state any claim upon which relief may be granted. Accordingly, Plaintiffs'

13   UCL claim fails as a result.

14        In addition, Defendants note that the UCL establishes three varieties of unfair competition

15   – acts or practices which are unlawful, or unfair, or fraudulent. *Berryman v. Merit Prop. Mgmt.,*

16   *Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). "Because the law is stated in the disjunctive, it

17   contemplates three distinct categories of unfair competition, and a plaintiff must plead the specific

18   rubric under which the proscribed conduct falls." *Sohal v. Fed. Home Loan Mortg. Corp.*, 2011

19   U.S. Dist. LEXIS 97355 (N.D. Cal. 2011). Here, Plaintiffs fail to specify the rubric under which

20   the proscribed conduct falls. Plaintiffs' UCL claim fails and must be dismissed.

21

22

23

24

25

26

27

28

## V.   <u>CONCLUSION</u>

For the reasons explained throughout this brief, Plaintiffs' Complaint fails to state any claim upon which relief may be granted.  Accordingly, Plaintiffs' Complaint must be dismissed.

Dated:  January 2, 2014                          McGUIREWOODS LLP


By:<u>/s/Tracy Evans Moyer</u>
Tracy Evans Moyer
Attorneys for Defendants
Bank of America, N.A.
ReconTrust, N.A.
Mortgage Electronic Registration Systems, Inc.
Citibank, N.A. as Trustee for the Certificatehodlers of CWABS, Inc., Asset-Backed Certificates, Series 2006-QH2 (erroneously sued as "Citibank, N.A.")

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

## CERTIFICATE OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

4

5

On January 2, 2014, I served the following document(s) described as: **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

6

7

8

Michael Yesk, Esq.          Attorney for Plaintiffs
70 Doray Drive, Suite 16      TRICIA REYES-AGUILAR and
Pleasant Hill, CA 94523       EDWARD AGUILAR
Tel: (510) 909-9700

9

10

11

☒    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013(a)(3))

12

13

14

☒    **ELECTRONICALLY VIA THE COURT'S CM/ECF SYSTEM**

15

☐    **BY FACSIMILE:**  At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was 310.315.8210.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

16

17

18

19

☐    **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

20

21

22

☐    **BY HAND DELIVERY:**  I delivered such envelope(s) by hand to the office of the addressee(s).  (C.C.P. § 1011(a)(b))

23

☐    **BY PERSONAL SERVICE:**  I personally delivered such envelope(s) to the addressee(s).  (C.C.P. § 1011)

24

25

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Certificate of Service was executed on January 2, 2014, at Los Angeles, California.

26

27

*/s/ Mark Betti*
Mark Betti

28

53397589.1

1

CERTIFICATE OF SERVICE